IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE DEMAS WAI YAN,

    Debtor,

_____

TONY FU

    Appellant,

v.

JANINA M. HOSKINS, Trustee, et. al.,

    Appellees.
_____/

No. C 12-5475 RS

Bankruptcy No. 04-33526

**ORDER AFFIRMING DECISION OF BANKRUPTCY COURT**

The Bankruptcy of Demas Wai Yan, and certain underlying disputes between Yan and Appellant Fu, have given rise to protracted litigation in the bankruptcy and state courts, and a series of appeals in this Court. The majority of the appeals have been initiated by Yan. The present appeal was filed by Fu, appearing *in pro se*. The parties are familiar with the long history of the litigation and it will not be recounted here.

In the present appeal, Fu challenges the denial of a motion he filed, "to Revoke Abandonment," which he purported to bring under Rule 60 of the Federal Rules of Civil Procedure. Although neither Fu's motion papers before the bankruptcy court nor his appellate briefs are entirely clear, the gravamen of his complaint appears to be that assets, including cash in the amount of $175,039, were distributed by the Trustee to Yan. Fu seems to be contending that ongoing appeals

and litigation pursued by Yan, all purportedly growing out of the pre-petition "Chenery project," may yet give him or other creditors a superior right to those funds and/or that the Trustee acted wrongfully in releasing those funds to Yan because he has allegedly used them to pursue meritless litigation and appeals. Regardless of the precise intended contours of Fu's argument, he has failed to show any error in the bankruptcy court's denial of his motion.[1]

The bankruptcy court's findings of fact are reviewed for clear error and the court's conclusions of law are reviewed de novo. See *In re Markovich*, 207 B.R. 909, 911 (B.A.P. 9th Cir. 1997). A factual finding is clearly erroneous if the appellate court, after reviewing the record, has a definite conviction that a mistake has been made. *Beauchamp v. Hoose (In re Beauchamp)*, 236 B.R. 727, 729 (9th Cir. BAP 1999). Mixed questions of fact and law are reviewed de novo. *Id.*

No factual or legal error appears in the record here. First, neither the cash to which Fu makes reference, nor any other estate assets, were "abandoned" to Yan, so there was nothing to "revoke." Rather, all estate creditors were paid in full, with interest, with only the surplus (after payment of levies against the surplus) then distributed to Yan pursuant to Court order and to the Bankruptcy Code distribution statutes. See 11 U.S.C. §726 (a)(1)-(6).

Second, whatever claims Fu may yet have against Yan, if any, they would be claims against Yan himself, not the bankruptcy estate. While Fu might have been entitled to levy against the surplus for post-petition claims, that does not translate into claims against the estate, nor provide a basis for requiring the Trustee to refrain from distributing surplus funds.

As noted, Fu has not appealed the approval of the distributions and the final accounting, nor is there reason to believe he would have grounds for so doing. Whatever the merits may be of his complaints about Yan's conduct in these proceedings, there was simply no basis in law or fact for the relief his motion sought, and the bankruptcy court did not err in denying it. Accordingly, the decision of the bankruptcy court is affirmed.

---

[1] Fu did not appeal from the Bankruptcy Court's orders overruling his objections and approving the Trustee's Final Account and Distribution. While there is no indication any such appeal would have been meritorious, to the extent Fu's arguments could be construed as a challenge to the distribution of surplus funds, his failure to appeal those orders bars them.

1  IT IS SO ORDERED.
2
3  Dated: 3/31/14
4
                                            _____
                                            RICHARD SEEBORG
                                            UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IN RE DEMAS YAN et al,

        Plaintiff,

v.

IN RE DEMAS YAN et al,

        Defendant.

        Case Number: CV12-05475 RS

        **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 31, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

USBC Manager-San Francisco
United States Bankruptcy Court
235 Pine Street
P.O. Box 7341
San Francisco, CA 94120-7341

Demas Yan
1433 7th Avenue
San Francisco, CA 94122

Thomas E. Carlson
U.S. Bankruptcy Court
Northern District of California
P.O. Box 7341
San Francisco, CA 94120-7341

Tony Fu
5813 Geary Boulevard, PMB 188
San Francisco, CA 94121

Dated: March 31, 2014

        Richard W. Wieking, Clerk
        By: Lisa R Clark, Deputy Clerk